IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**COREY A. BENNETT**                                                                                          **PETITIONER**
Reg #20536-112


v.                                    2:09-cv-00053-JJV


**T. C. OUTLAW,**
Warden, FCI - Forrest City, AR                                                            **RESPONDENT**


## ORDER

Now before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 1) of Corey A. Bennett pursuant to 28 U.S.C. §2241.

**I.    Procedural History**

Petitioner is a federal prisoner incarcerated at the Forrest City Low Federal Correctional Institution (FCI) in Forrest City Arkansas.  He was sentenced in the United States District Court for the Central District of California for violation of the Controlled Substances Act.  He is serving a ten year sentence.  Petitioner filed the current habeas petition on May 18, 2009, asserting that he was denied due process when prison officials removed him from the Residential Drug Abuse Program ("RDAP"), thereby preventing him from receiving one year of good time.  He asks this Court to reinstate his admission to the RDAP class and direct that he be awarded the one-year sentence reduction authorized under 18 U.S.C. § 3621(e). Respondent filed a response on September 4, 2009, asserting that Petitioner does not have a protected liberty interest in the RDAP's early release benefits.

**II.     Factual Background**

On June 26, 2006, Petitioner was approved for participation in the RDAP. (Doc. No. 16, Ex. 2). Through his enrollment in the RDAP, he was found to be provisionally eligible for a reduction in his term of imprisonment. *Id*. On September 4, 2008, during a scheduled search of the RDAP unit, the Petitioner was found to be in possession of a trash bag containing a quart of reddish pink liquid substance. (Doc. No. 1, Ex. 2). The substance was tested and found to contain 34.5% alcohol (69 proof). *Id*. Petitioner was issued an incident report charging him with possession of intoxicants. *Id*.

A disciplinary hearing was held on September 23, 2008. (Doc. No. 1, Ex. 1). On October 14, 2008, the Discipline Hearing Officer issued a report finding that no prohibited act was committed and ordered that the incident be expunged in accordance with the program statement on inmate discipline. *Id*. However, despite his acquittal in the DHO hearing, Petitioner was still expelled from the RDAP.

**III.    Analysis**

The Bureau of Prisons (BOP) offers the RDAP to inmates who have been determined to have substances abuse problems. 18 U.S.C. § 3621(e)(1). To provide an incentive for successful completion of the program, Congress promulgated 18 U.S.C. § 3621(e), which permits the BOP to reduce nonviolent offenders' sentences by up to one year. *Lopez v. Davis*, 531 U.S. 230, 233 (2001). Section 3621(e)(2)(B) provides: "Period of custody - - The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term

the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B).[1]  The wording of § 3621(e)(2)(B) makes any sentence reduction discretionary. *Lopez*, 531 U.S. at 239-42; *See also United States v. Lopez-Salas*, 266 F.3d 842, 847 (8th Cir. 2001)(The BOP has "substantial discretion in determining who is eligible for early release upon completion of the drug treatment program and how early the release should be").

In order to obtain relief under 28 U.S.C. § 2241, Petitioner must allege and demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The only constitutional argument raised by the Petitioner is a violation of due process. To support this claim, Petitioner must establish an infringement of a protected liberty interest. *Ragan v. Lynch*, 113 F.3d 875, 876 (8th Cir. 1997) (citations omitted). "Protected liberty interests under the Fourteenth Amendment may arise from the Due Process Clause itself or from State laws." *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668 (8th Cir. 1996). "A liberty interest inherent in the Due Process Clause arises when a person has substantial, albeit conditional, freedom such as when he is on probation or parole." *Id*. Petitioner claims that he has a protected liberty interest in his participation in the RDAP because upon successful completion of the program, he would have received up to one year off of his sentence and he would have received all of the benefits of having successfully completed the RDAP, which would have shortened his period of confinement. ( Doc. No. 1 at ¶ 18).

The Constitution does not provide a prisoner a liberty interest in a reduced sentence, and the Supreme Court of the United States has held that a convicted person does not have a constitutional or inherent right to be conditionally released before the expiration of a valid sentence. *See*

---

[1] *See Lopez*, 531 U.S. at 241 noting as significant Congress' use of "may" rather than "shall" in § 3621(e).

*Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (no liberty interest in discretionary transfer to a less agreeable prison); *Sandin v. Connor*, 515 U.S. 472, 487 (1995) (possibility of early release is not a liberty interest). Therefore, while the BOP's initial promise of early release conditioned upon successful completion of the program gave Petitioner an expectation of early release, it did not give him a liberty or other protected interest in early release. *See Staszak v. Romine*, 221 F.3d 1344 (8th Cir. 2000) (unpublished) (affirming district court's dismissal of petition for writ of habeas corpus for lack of a liberty interest where petitioner claimed his due process rights were violated when he was removed from a halfway house and work release program that was part of his drug abuse treatment program); *Richardson v. Joslin*, 501 F.3d 415, 420 (5th Cir. 2007) (Inmate had "no protected liberty interest in receiving a § 3621(e)(2)(B) sentence reduction").

In accordance with well-established federal law, Petitioner does not have a liberty interest in his participation in the RDAP or in the good time he may have earned upon successful completion of the program. Even assuming *arguendo* that he does have a liberty interest in early release upon completion of the RDAP, the Court would still be unable to provide Petitioner with the relief he seeks. After carefully reviewing the entire record in this matter, the BOP acted within its powers when it expelled him from the program. According to the Change in Drug Abuse Status report, the RDAP Program Coordinator stated there was documentation on record showing that Petitioner had been found in possession of an alcoholic substance on the night of September 3. (Doc. No. 16, Att. 2). Moreover, the report states that "[p]ossession of alcoholic or drug substances while residing in a recovery-focused addiction treatment unit is highly disruptive to the overall operation of the treatment program." *Id*. "Thus inmate Bennett behaved in a manner that violated disciplinary, programmatic, and unit based standards by his possession of the alcoholic substance on 9/4/08, and

demonstrated that he saw no reason to change his behavior." *Id*. "Inmate Bennett's continued presence on the unit would convey that behavior contrary to the program (e.g., possession of alcoholic substances on the unit, failure to change, continued disciplinary behavior, dishonesty and irresponsibility) is the norm and is condoned, undermining the purposes and goals of the program." *Id*. Based upon the BOP's reasoning and its broad discretion, the Court finds that the BOP was within its authority to expel Petitioner from the RDAP program.

It is somewhat understandable how Petitioner believes he was vindicated from the incident because he was acquitted from the disciplinary charges. Yet, as Petitioner's Correctional Counselor stated in response to his grievance, his incident report "was expunged prior to being heard by the DHO due to <u>administrative</u> issues." (*Emphasis added*). BOP officials determined there was still merit to the allegation that Petitioner possessed intoxicants which directly impacts his participation in the RDAP program. His technical acquittal does not free him completely from the administrative grips of the BOP. Fair or not, the BOP has full authority to exercise their authority in this manner and the Court has no authority to intervene on Petitioner's behalf.

To the extent Petitioner requests that this Court direct the BOP to re-enroll Petitioner in the RDAP program, we find that it is the decision of the BOP and not this Court, as the BOP is uniquely qualified to determine who should be admitted to participate in the RDAP program. Cf., *Hosna v. Groose*, 80 F.3d 298, 303 (8th Cir. 1996), cert. denied, 519 U.S. 860 (1996) ("[F]ederal courts ought to afford appropriate deference and flexibility to [prison] officials trying to manage a volatile [prison] environment," and "such flexibility is especially warranted in the fine tuning of the ordinary incidents of prison life," in order that the Courts do not "micro manage" prisons").

**IV.    Conclusion**

In conclusion, Petitioner does not have a protected liberty interest in admission to the RDAP in order to establish a due process violation. IT IS THEREFORE ORDERED that Petitioner's Petition (Doc. No. 1) is DISMISSED with prejudice.

DATED this 13th day of November, 2009.

/s/ Joe J. Volpe
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE